```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  5/16/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE A. BERNAL,

                Plaintiff,

       -against-

JANNA KUPERMAN,

                Defendant.

1:21-cv-1119-MKV

ORDER

MARY KAY VYSKOCIL, United States District Judge:

       On April 6, 2022, the Court granted the parties' request for a third extension of the fact discovery deadline. [ECF No. 18]. The Court advised the parties that it was concerned with Plaintiff's failure to comply with his discovery obligations and, specifically, his failure to advise Defendant of all medical procedures and treatment that Plaintiff had undergone related to his claim for damages in this case and to timely produce HIPAA authorizations. [ECF No. 18]. The Court admonished Plaintiff, in bold, underlined, all capital text, that further noncompliance with discovery obligations may result in sanctions, including the preclusion of reliance on any materials not provided to Defendant, preclusion of claims, and/or dismissal of this case. [ECF No. 18]. The Court set a status conference for May 17, 2022 at 11:30 AM. [ECF No. 18].

       The Court is in receipt of a status letter from the parties. [ECF No. 19]. The parties advise the Court that Defendant is in receipt of, what Plaintiff purports to be, the remaining outstanding HIPAA authorizations. [ECF No. 19]. However, due to Plaintiff's error, two of the HIPAA authorization forms were initially defective, which delayed Defendant's ability to process the forms. [ECF No. 19]. Defendant now represents that she cannot guarantee that she will receive the required medical records by the close of discovery because of that delay. [ECF No. 19].

Accordingly, IT IS HEREBY ORDERED that the May 17, 2022 status conference is ADJOURNED.

IT IS FURTHER ORDERED that a post-discovery conference will be held in this matter on July 12, 2022 at 10:00 AM in Courtroom 18C of the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, NY 10007.

One week before the conference, the parties shall submit a joint letter regarding the status of the case. The letter should include the following information in separate paragraphs:

    a. a statement of any existing deadlines, due dates, and/or cut-off dates;

    b. a brief description of any outstanding motions;

    c. a brief description of the discovery and undertaken if either party believes any additional discovery that needs to be completed;

    d. a statement describing the status of any settlement discussions and whether the parties would like a settlement conference;

    e. a statement of the anticipated length of trial and whether the case is to be tried to a jury;

    f. a statement of whether any party anticipates filing a motion for summary judgment or a motion to exclude expert testimony (see Individual Practice Rules ¶4(A)(i));

    g. any other issue that the parties would like to address at the conference; and

    h. any other information that the parties believe may assist the Court in advancing the case to settlement or trial.

Defendant should also advise the Court as to whether she needs additional time to obtain the required medical records in this case.

If no SJ motion is anticipated, the post-discovery conference will serve as a pre-trial conference. Parties should be prepared to discuss scheduling of trial and all pre-trial matters.

**PLAINTIFF IS ADMONISHED THAT IT WILL NO LONGER DELAY THIS CASE DUE TO PLAINTIFF'S FAILURE TO COMPLY WITH DISCOVERY OBLIGATIONS.  FURTHER NONCOMPLIANCE WITH DISCOVERY OBLIGATIONS MAY RESULT IN SANCTIONS, INCLUDING PRECLUSION OF RELIANCE ON ANY MATERIAL NOT PROVIDED TO DEFENDANT, PRECLUSION OF CLAIMS, AND/OR DISMISSAL OF THIS CASE.**

SO ORDERED.

Date:  May 16, 2022
      New York, NY

_____
**MARY KAY VYSKOCIL**
**United States District Judge**